

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER EIGENBAUER and<br>JOHN LEIMERT, on behalf of<br>themselves and all other<br>plaintiffs known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MATTRESS,<br>MIKE KENNA, individually,<br>FRANK DEMAIO, individually,<br>BILL PETROCELLI, individually,<br>and CORY RIZZA, individually,<br><br>Defendants. | 07 C 3032<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Roger Eigenbauer and John Leimert have sued American Mattress, Mike Kenna, Frank DeMaio, Bill Petrocelli, and Cory Rizza for their alleged violations of federal and state minimum wage laws (Counts I-V). In addition, Eigenbauer has asserted a state invasion of privacy claim against American Mattress and Rizza (Count VI). American Mattress and Rizza have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss the privacy claim for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants the motion.

### Discussion

Defendants contend that the Court cannot properly exercise supplemental jurisdiction over the invasion of privacy claim because it does not arise from the same set of facts as the federal wage claims. The Court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, the Court may exercise supplemental jurisdiction over state law claims only if they arise from "the same case or controversy" as the federal wage claims. *Id.*

Eigenbauer contends that the claims are part of the same controversy because they all arise out of his employment relationship with American Mattress. Defendants argue that the claims are not part of the same controversy because they arise from different facts.

The Court agrees with defendants. "[T]he mere fact that [federal and state] claims arise from an employment relationship is, by itself, insufficient to warrant the exercise of supplemental jurisdiction." *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1093 (N.D. Ill. 2005); *see Farr v. Continental White Cap, Inc.*, No. 90 C 4521, 1992 WL 57198, at *1 (N.D. Ill. Mar. 16, 1992) (same). Rather, supplemental jurisdiction exists only if the state and federal claims "derive from a common nucleus of operative fact." *Berg*, 372 F. Supp. 2d at 1092-93 (quotation omitted); *see Eager v. Commonwealth Edison Co.*, 187 F. Supp. 2d 1033, 1040 (N.D. Ill. 2002) (stating that claims are part of a single controversy if they are "animate[d]" by the same facts).

*Eager* is illustrative. The plaintiff in that case filed a Title VII claim for sexual harassment as well as state tort claims for an injury she allegedly suffered when her employer made her work excessive hours. *Eager*, 187 F. Supp. 2d at 1037. The defendant argued that the court lacked supplemental jurisdiction over the state claims, and the court agreed:

> . . . I have jurisdiction over state claims that share a "common nucleus of operative facts" with the federal claims. Eager's claims connected to her electrocution accident share no such common nucleus. There is no suggestion that ComEd compelled Eager to work excessively long hours, and so to incur serious injury, as a form of sexual discrimination, or that this unfortunate event is in any way related to Eager's Title VII claims except by way of temporal coincidence. It may have been inhumane for ComEd to insist that Eager work on the line while she was exhausted,

but the federal discrimination laws do not prohibit even oppressive employment practices if they are not imposed because of the plaintiff's membership in a protected category.

*Id.* at 1039-40.

As in *Eager*, Eigenbauer's state privacy state claim arises from a different set of facts than the federal wage claims. The wage claims are based on defendants' alleged failure to pay American Mattress employees statutorily-mandated overtime. The privacy claim arises from one manager's allegedly improper publication of Eigenbauer's health information. Because these claims have only a tenuous factual relationship, they do constitute a single case or controversy within the meaning of 28 U.S.C. § 1367. The Court does not, therefore, have supplemental jurisdiction over Eigenbauer's invasion of privacy claim.[1]

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss the Count VI invasion of privacy claim [doc. no. 11], which is dismissed without prejudice to refiling in state court.

SO ORDERED.   ENTERED: 10/30/07

HON. RONALD A. GUZMAN
United States District Judge

---

[1] Plaintiffs argue that the economic interests of the Court and the parties will be served if the court exercises supplemental jurisdiction in this case. "A desire to curtail the cost of litigation," however, "is inadequate to support the judgment if the federal court lacks the *power* to decide." *Myers v. County of Lake*, 30 F.3d 847, 849 (7th Cir. 1994).

3